**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vaughn Palmer, | ) | No. CV 07-2597 PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro; et al., | ) | |
| Respondents. | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. On August 31, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitation. Upon Petitioner's request, the Court granted an extension of time to file objections, and on October 1, 2009, Petitioner timely filed objections to the R&R.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, the Court will review, de novo, the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitation.

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with the Court. R&R at 3; 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final in state court on October 28, 1996, and therefore he had until October 28, 1997, to file a timely habeas petition in federal court. R&R at 4. The Petition in this case was filed on December 28, 2007, more than ten years after the limitations period expired. Therefore, the Petition in this case was untimely unless Petitioner is entitled to tolling of the statute of limitations until December 28, 2007.

By statute, Petitioner is entitled to "statutory" tolling during any period he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). As the R&R correctly states, the filing of a state post-conviction petition tolls the statute of limitations period under AEDPA, but a state petition filed after the expiration of AEDPA's one year period does not reinstate the limitations period that ended before the state petition was filed. R&R at 4; *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Here, Petitioner filed a notice of Post-Conviction Relief in the Maricopa County Superior Court on August 15, 2006.[1] Although this may have been sufficient to toll the statute of limitations had it been filed before October 28, 1997, its filing after the expiration of AEDPA's one year period does not reinstate the limitations period that

---

[1] The R&R refers to this as the Second Post-Conviction Relief in state court. Petitioner filed his First Post-Conviction Relief in state court on March 30, 1995, and the trial court dismissed it on October 28, 1996, which was the date the Petitioner's conviction became final and was the date the clock started running on the AEDPA statute of limitations. The Court notes that per *Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007), under Arizona law, the first proceeding, or the "of-right" proceeding, is considered part of "direct review" and not collateral review; therefore, the statute of limitations is not "tolled" while the first petition for post conviction relief is pending, but instead has not started running until the first proceeding is concluded. Therefore, the R&R is correct when it states that Petitioner's conviction became final after his First Post-Conviction Relief action concluded on October 28, 1996.

- 2 -

had already ended. Petitioner filed no other state post-conviction petition prior to filing the instant petition with the Court. Therefore, Petitioner is not entitled to statutory tolling due to a pending application for state post-conviction review.

Petitioner objects to the R&R, arguing that he is entitled to statutory tolling under the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) (requiring that any fact, except for fact of prior conviction, that increases penalty for crime beyond prescribed statutory maximum must be submitted to jury, and proved beyond reasonable doubt), and *Blakely v. Washington*, 542 U.S. 296, (2004) (applying *Apprendi* jury trial requirement to situation where defendant pleas and sentence above the statutory maximum is subsequently imposed).[2] He argues that *Banks v. Dretke*, 540 U.S. 668, (2004), mandates that a court should not preclude a colorable claim presented when knowledge of the claim comes to Petitioner's attention years after the fact. *Id.* "[T]he . . . Rule of the right to a jury determination on aggravating factors for sentencing purposes was not applied to plea agreements until the Supreme Court's June 24, 2004 decision in *Blakely v. Washington* . . . ." (Doc. # 18, at 3). Therefore, according to Petitioner, the fact that his alleged *Blakely* claim did not come to his attention until years after the fact should not preclude his claim.

The *Banks* Court addressed the question of whether a capital federal habeas petitioner–under pre-AEDPA law–could present evidence of a prosecution witness's informant status in support of his *Brady* prosecutorial misconduct claim, even though he had not presented the evidence in his state post-conviction proceedings. *Id.* at 702–03. The *Banks* petitioner had failed to present affidavits from the witness-informant in the state post-conviction proceedings because the prosecution had withheld relevant transcripts and information that the witness was an informant and because the witness-informant had left

---

[2]Petitioner also asserts that *In re Winship*, 397 U.S. 358, 364 (1970), also applies to his case. There, the Supreme Court held that where a child was charged with act of stealing, carrying with it potential confinement for as long as 6 years, as matter of due process, the case against him must be proved beyond a reasonable doubt. *Id. Winship*, however, adds nothing to Petitioner's statutory tolling argument.

town. *Id.* at 685–86. The *Banks* Court held that the petitioner could present the evidence if he showed cause for his failure to present the evidence and resultant prejudice. *Id.* at 691.

*Banks*, however, is distinguishable from Petitioner's case. *Banks* dealt with the discovery of exculpatory facts, existing at the time of the *Banks* petitioner's proceedings, that were not disclosed by the prosecution. Here, Petitioner's case concerns new Supreme Court law, not in existence at the time of Petitioner's proceedings. *Banks* also addressed a pre-AEDPA case, whereas Petitioner's case is covered by AEDPA.

Further, although Petitioner asserts that he raised his *Blakely* claim as diligently as possible after the decision in 2004, he fails to direct the Court to any statutory provision where diligence alone is sufficient to alter the tolling of the statute of limitations for a habeas petition, and, indeed, no such statutory provision exists. AEDPA does, however, permit a new date for running the statue of limitations from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2244(d)(1)(C) (emphasis added).

This statute is of no assistance to Petitioner. Generally, new constitutional rules of criminal procedure are inapplicable to cases that have become final when the rules are announced, unless they are "watershed rules." *Teague v. Lane*, 489 U.S. 288, 311 (1989).[3] The Ninth Circuit Court of Appeals–and most other courts–has held that the *Blakely* rule is not a "watershed rule" of criminal procedure, and therefore inapplicable to cases that have become final when it was announced. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) ("*Blakely* did not announce a watershed rule of criminal procedure."); *see Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004). *See, e.g.*, *Carmona v. United States*, 390 F.3d 200, 202–03 (2d Cir. 2004); *Simpson v. United States*, 376 F.3d 679, 681–82 (7th Cir. 2004);

---

[3]The Supreme Court once granted certiorari to decide whether *Blakely* applies retroactively on collateral review, but ultimately did not answer the question because it concluded that it lacked jurisdiction over the petitioner's claim. *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

*Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004); *State v. Febles*, 115 P.3d 629, 632–35 (Ariz. Ct. App. 2005); *State v. Smart*, 202 P.3d 1130, 1143 (Alaska 2009).

Similarly, courts have refused to retroactively apply *United States v. Booker*, 543 U.S. 220 (2005), which applies the *Blakely* rule to the federal sentencing guidelines. *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005) ("We now join every other circuit that has considered the question in holding that the rule announced by *Booker* . . . does not operate retroactively.") (collecting cases). *See, e.g.*, *In re Zambrana*, 433 F.3d 886, 889 (D.C. Cir. 2006) (collecting cases); *United States v. Gentry*, 432 F.3d 600, 605 n.4 (5th Cir. 2005) (collecting cases); *In re Anderson*, 396 F.3d 1336, 1339–40 (11th Cir. 2005).

Finally, the Supreme Court and the Ninth Circuit Court of Appeals–along with myriad other courts–have more generally held that *Apprendi* and its progeny are not to be applied retroactively to cases on collateral review. *Schriro v. Summerlin*, 542 U.S. 348, 354 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584 (2002), "did not alter the range of conduct Arizona law subjected to the death penalty. . . . Instead, *Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . ." and thus not retroactively applied); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9thCir. 2005); *Rees v. Hill*, 286 F.3d 1103, 1104 (9th Cir. 2002); *Jones v. Smith*, 231 F.3d 1227, 1237–38 (9th Cir. 2000). *See, e.g.*, *Coleman v. United States*, 329 F.3d 77, 88–90 (2d Cir. 2003); *United States v. Sanders*, 247 F.3d 139, 141 (4th Cir. 2001); *Talbott v. State of Indiana*, 226 F.3d 866, 869 (7th Cir. 2000).

Here, Petitioner's case became final on October 28, 1996, years before *Apprendi* and *Blakely*. Therefore, those rules do not apply to Petitioner's case, and the Court agrees with the R&R that Petitioner is not entitled to statutory tolling and overrules Petitioner's objection.

Next, the Court considers equitable tolling.[4] The R&R accurately noted that equitable tolling applies only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." R&R at 4–5 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Petitioner is entitled to equitable tolling only upon demonstration "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The R&R determined that Petitioner was not entitled to equitable tolling. Petitioner objects to this determination, and contends that he is entitled to equitable tolling under *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) and *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Petitioner asserts that he could not file his habeas petition on or before October 28, 1997, because *Blakely* was not decided until 2004, and that he filed his habeas petition soon after the Arizona Supreme Court denied review of his state post-conviction proceedings.

*Pace*, however, is distinguishable from Petitioner's case. There, the Supreme Court held that a habeas petitioner was not entitled to equitable tolling for the time period during which his untimely state post-conviction relief petition was pending in state court, where his claims were available to him for several years before he filed his state petition, and where he waited an additional five months after his state petition was rejected before filing his

---

[4]Respondent suggests that the Supreme Court's recent decision in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), applies to the AEDPA's statute of limitations and contends that §2254 petitioners are not entitled to equitable tolling. (Doc. # 8, at 10.) *Bowles* states that time limits enacted by Congress are jurisdictional and that federal courts have no authority to create equitable exceptions to jurisdictional requirements. 127 S. Ct. at 2366. This Court disagrees. Prior to *Bowles*, the Supreme Court assumed, without deciding, that equitable tolling is available under 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The Ninth Circuit Court of Appeals has continued to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles*. *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008); *accord Coker v. Quarterman*, No. 05-10020, 2008 WL 724042, at *5 n.1 (5th Cir. Mar. 17, 2008) (expressly holding that equitable tolling of AEDPA's statute of limitations survives *Bowles*); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (same). Accordingly, the Court will allow Petitioner the potential for equitable tolling.

1  federal habeas petition. *Id.* at 418. Although in *Pace* the petitioner's claims were available
2  to him for many years, Petitioner has never been entitled to claim that the trial court violated
3  *Blakely* because *Blakely* does not apply retroactively. Therefore, whereas the petitioner in
4  *Pace* could have made a claim and failed to timely do so; here Petitioner was never entitled
5  to make a *Blakely* claim.

6      *Jones* is also distinguishable. It was a § 1983 case where the Ninth Circuit Court of
7  Appeals applied California's statute of limitations for personal injury actions and California's
8  doctrine of equitable tolling, which is a distinct issue from the doctrine of equitable tolling
9  under the AEDPA.[5] *Jones*, 393 F.3d at 928.

10     The fact that a future Supreme Court case would alter a criminal procedure rule but not
11 make it retroactive is not an extraordinary circumstance standing in the way of a petitioner's
12 filing, even when the petitioner's trial court did not adhere to the un-promulgated rule during
13 trial. Petitioner failed to identify any extraordinary circumstances beyond his control that
14 made it impossible for him to timely file his habeas petition. Therefore, the Court agrees with
15 the R&R that Petitioner is not entitled to equitable tolling and overrules Petitioner's
16 objection.[6]

---

[5]For instance, the *Jones* Court noted that California's standard for equitable tolling in personal injury suits, "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." *Jones*, 393 F.3d at 928. This is a different–and more generous–standard than the standard for equitable tolling under the AEDPA, which requires a petitioner to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. at 418).

[6]It should be noted that even if the Court were to adopt Petitioner's argument and hold that the statute of limitations was tolled until *Blakely* was decided on June 24, 2004, then the statute of limitations would have run by June of 2005, more than two years before Petitioner filed the instant petition on December 28, 2007. Further, even if the Court were to hold that the statute were tolled while Petitioner's state court post-conviction proceedings were pending, Petitioner did not file his state court post-conviction relief until August 15, 2006, more than two years after *Blakely* was decided. Thus, Petitioner failed to assert an argument under which his Petition would have been timely. The Court speculates that he might argue

Next, the Court considers Petitioner's general objections to the R&R. Petitioner objects to the R&R generally, asserting:

> When established rules have merely been applied to new factual situations, then no new rule has been announced and the rule applies retrospectively . . . . *Yates v. Aiken*, 484 U.S. 211, 217 n.3 (1988) ([q]uoting *United States v. Johnson*, 457 U.S. 537, 549 (1982)). Being *Apprendi* and *Blakely* merely applied the earlier jury trial rule of *Winship* to a new and different factual situation, *Yates* and *Johnson* mandate retrospective application of these later decisions to earlier cases, such as [Petitioner's case].

(Doc. # 18, at 2). *Yates* and *Johnson*, however, are inapplicable to Petitioner's case.

*Yates* held that retroactive application of the Supreme Court's rule in *Francis v. Franklin*, 471 U.S. 307, 325 (1985) (holding unconstitutional jury instructions in a murder trial that created a mandatory presumption that shifted the burden of persuasion on the element of intent to the defendant once the state had proven the predicate facts), was appropriate where the defendant's case was pending on collateral review in state court. *Yates*, 484 U.S. at 217–18. The *Yates* Court reasoned that *Francis* did not represent a newly announced constitutional rule, but merely an application of the governing principle in *Sandstrom v. Montana*, 442 U.S. 510, 520–24 (1979), which was decided before the defendant's trial. *Yates*, 484 U.S. at 216–17. The Supreme Court noted that the questions in *Sandstrom* and *Francis* were nearly identical. *Yates*, 484 U.S. at 217. Therefore, the *Yates* Court was willing to retroactively apply *Francis* to the defendant's case. *Id.* at 218.

Petitioner's case is different. *Yates* only retroactively applied the *Francis* rule to the defendant's case because the defendant's collateral review had been timely filed in state court and was pending when *Francis* was decided. Here, Petitioner's case was final and no timely state court collateral review was pending when the Supreme Court decided *Blakely*. Petitioner might argue that *Blakely* was merely an application of the governing principle in *Apprendi*, just as *Francis* was merely an application of the governing principle in *Sandstrom*. Without

---

that the statute of limitations was tolled until he *learned* about *Blakely* and its application to his case, but the Court notes that such an amorphous standard would be contrary to the Congressional purposes behind having a statute of limitations under AEDPA and virtually impossible to administer.

- 8 -

deciding that issue, the Court notes that whereas *Sandstrom* was decided *before* the defendant's trial in *Yates*, *Apprendi* was decided in 2000, more than a decade *after* Petitioner's trial, years *after* Petitioner's conviction became final, and years *after* the statute of limitations had run for filing a habeas petition.

Petitioner also asserts that *Yates* applies because *Apprendi* and *Blakely* merely applied the governing principle of *In re Winship*, 397 U.S. 358, 364 (1970). However, the issue in *Winship* (whether, as a matter of due process, the prosecution must prove its case beyond a reasonable doubt when a child was charged with act of stealing, carrying with it potential confinement for as long as 6 years) is not nearly identical to the issues in *Apprendi* (whether all facts that increase the penalty for crime beyond prescribed statutory maximum, other than the fact of prior conviction, must be submitted to a jury and proved beyond reasonable doubt) and in *Blakely* (whether *Apprendi* jury trial requirement applied to the situation where a defendant pleas and is subsequently sentenced to a sentence above the statutory maximum). The fact that courts have held that *Apprendi* and its progeny do not apply retroactively to cases on collateral review further bolsters this point. *See Schriro v. Summerlin*, 542 U.S. at 354; *Cooper-Smith v. Palmateer*, 397 F.3d at 1246; *Rees v. Hill*, 286 F.3d at 1104; *Jones v. Smith*, 231 F.3d at 1237–38.

*Johnson* also does not assist Petitioner. There the Supreme Court discussed the retroactivity of a new Fourth Amendment rule. The defendant was arrested, tried, convicted, and had his conviction affirmed, before the Supreme Court's decided *Payton v. New York*, 445 U.S. 573 (1980) (holding that the Fourth Amendment prohibits police from making a warrantless and non-consensual entry into a suspect's home to make a routine felony arrest). However, while the defendant's petition for rehearing was pending, the Supreme Court decided *Payton*, and under the new rule, the Ninth Circuit granted the defendant's rehearing petition and reversed his conviction, holding that *Payton* applied retroactively to the defendant's case. *Johnson*, 457 U.S. at 541. The government sought review, and the Supreme Court granted certiorari in order to decide the retroactivity of *Payton*. It held generally that a "decision of this Court construing the Fourth Amendment is to be applied

retroactively to *all convictions that were not yet final at the time the decision was rendered.*" *Johnson*, 457 U.S. at 562 (emphasis added). The *Johnson* Court noted that while its decision was not inconsistent with to retroactivity rules under other Constitutional provisions, it provided "no view on the retroactive application of decisions construing any constitutional provision other than the Fourth Amendment." *Id.* Therefore, *Johnson* provides no retroactivity rule for the *Blakely* situation. Even if it did, *Johnson* only held that the *Payton* rule applied retroactively to cases not final when the Supreme Court decided *Payton.* This is a similar retroactivity limitation to that in *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005), where the Ninth Circuit held that *Blakely* did not apply retroactively to convictions that became final prior to its publication. *Schardt*, 414 F.3d at 1038. Because Petitioner's case was final before the Supreme Court decided *Blakely*, *Johnson* does not assist Petitioner.

Therefore, the Court overrules Petitioner's general objections to the R&R.

The Court accepts the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitation. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. # 15) is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1–2) is DENIED;

IT IS FURTHER ORDERED that Petitioner's Objections (Doc. # 18) are overruled, and the Petition (Doc. # 1–2) is DISMISSED WITH PREJUDICE because it is barred by the statute of limitations, and the Clerk of the Court shall enter judgment accordingly; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FINALLY ORDERED that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because jurists of reason would find not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 1st day of December, 2009.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge